**GOSPEL ASSEMBLY CHURCH, Appellant,**

**v.**

**IOWA DEPARTMENT OF REVENUE and Gerald Bair, Director of Iowa Department of Revenue, Appellees.**

**No. 84–496.**

Supreme Court of Iowa.

May 22, 1985.

David L. Phipps and Kenneth W. Biermacher of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, and Wendell R. Bird of Ware, Parker, Johnson, Cook & Dunlevie, Atlanta, Georgia, for appellant.

Thomas J. Miller, Atty. Gen., and Thomas M. Donahue, Asst. Atty. Gen., for appellees.

Considered by McCORMICK, P.J., and McGIVERIN, SCHULTZ, CARTER and WOLLE, JJ.

McGIVERIN, Justice.

Plaintiff Gospel Assembly Church appeals from the district court's dismissal, for lack of jurisdiction, of its petition in equity seeking declaratory and injunctive relief under various constitutional provisions and 42 U.S.C. section 1983 against defendants Iowa Department of Revenue (Department) and its director, Gerald Bair. We affirm.

On appeal, plaintiff contends that the district court erred in dismissing the petition (1) for failure to exhaust administrative remedies, and (2) on the ground that the agency action complained of was not "ripe for review." Although defendants' motion framed these grounds as issues of subject matter jurisdiction, this case also involves the court's power to refuse to exercise its jurisdiction in a particular case. The district court has jurisdiction to decide declaratory and injunctive actions, but its jurisdiction should be withheld when it has not been properly invoked. *See City of Des Moines v. Des Moines Police Bargaining Unit Association*, 360 N.W.2d 729, 730 (Iowa 1985). The grounds relied on by defendants are bases for the court to refuse to exercise its jurisdiction. We find no reversible error in the court's ruling.

This appeal arises from the district court's sustention of defendant's motion to dismiss because of lack of jurisdiction. *See* Iowa R.Civ.P. 104(a). For the purposes of our review we accept as true the well-pleaded facts of the petition. *See Stafford v. Valley Community School District*, 298 N.W.2d 307, 308 (Iowa 1980). The relevant facts as set forth in the petition are as follows.

I. *Background facts and proceedings.* Plaintiff is a nonprofit bona fide religious organization with its principal place of business in Des Moines. From about May 1979 to August 1980, plaintiff was engaged in constructing a building for worship and related activities. In constructing the building, plaintiff used materials and other items purchased within and without Iowa.

In January 1983 an agent of defendant Department stated to a representative of plaintiff that the Department intended to conduct an audit of "all books and records of the Church" dating from January 1, 1977 to December 31, 1982. The Church's representative was told that such records would be subpoenaed if they were not produced voluntarily.

In February 1983 the Department notified plaintiff by letter of its intent to conduct a sales and use tax audit covering the years 1978 through 1982. In its letter, the Department requested that the following records be made available:

(1) Purchase invoices, purchase orders and check registers.

(2) General ledgers and journals.

(3) Memoranda and other documents related to purchases.

(4) Contracts and agreements related to acquisitions of equipment, fixtures, supplies and construction of physical properties.

The letter ended with the sentence, "Additional records necessary will be requested when needed."

A series of letters ensued between plaintiff and the Department in which plaintiff expressed concern as to the precise scope of the Department's request for documents and sought to ascertain more precisely the types of records and documents the Department sought to examine. Plaintiff found the Department's answers unsatisfactory and filed the present petition in the Iowa district court for Polk County under

several constitutional provisions and 42 U.S.C. section 1983.[1]

The petition alleged that the Department had requested, and intended to subpoena, plaintiff's books, records, and other documents to a greater extent than necessary to determine plaintiff's liability for sales or use tax. Although plaintiff expressed its willingness to make available such records and documents as would be reasonably necessary for a sales and use tax audit, plaintiff maintained that the Department intended to examine in addition such things as church membership lists, records of confidential spiritual counseling by its ministers, notes for ministers' sermons and worship service liturgy, and minutes of church meetings. The petition alleged that the Department's request for documents, and the Iowa statutes under which the request was made, violated plaintiff's rights under the first, ninth, and fourteenth amendment to the United States Constitution and article one of the Iowa Constitution. Plaintiff sought declaratory and injunctive relief, as well as an award of attorney fees under 42 U.S.C. section 1988.

The Department answered and denied plaintiff's claims. It then moved for dismissal of the petition for lack of jurisdiction. Plaintiff filed a resistance to this motion.

The Department's motion to dismiss was granted. The district court held (1) that exhaustion of administrative remedies was required before it could take jurisdiction of plaintiff's action, (2) that no such exhaustion had occurred, and (3) that, apart from plaintiff's failure to exhaust administrative remedies, the agency action it complained about was not "ripe for review." This appeal by plaintiff church followed.

We first consider whether the controversy was ripe for review.

II. *Ripeness of the controversy.* The essential nature of the ripeness doctrine has been stated by the United States Supreme Court as follows:

> The injunctive and declaratory judgment remedies are discretionary, and courts traditionally have been reluctant to apply them to administrative determinations unless these arise in the context of a controversy "ripe" for judicial resolution. Without undertaking to survey the intricacies of the ripeness doctrine it is fair to say that its basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. The problem is best seen in a twofold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.

*Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691 (1967) (footnote omitted). *See also* 73A C.J.S. *Public Administrative Law and Procedure* § 204 (1983). We agree with the district court that the ripeness doctrine justifies dismissal of plaintiff's petition.

■ The issue presented by plaintiff to the district court may be stated as whether the Department's requests for documents and records are or will be violative of plaintiff's constitutional rights. We believe this issue is not suitable for judicial resolution at this time.

The nature and indeed the very existence of the issue presented by plaintiff hinges on the precise scope of the Department's request for documents. This cannot be determined from the record before us with

---

**1.** 42 U.S.C. section 1983 reads in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

the certainty required to justify judicial intervention at this time. Even if taken as true, plaintiff's allegations about what the Department intends to do at some unspecified future time cannot obscure the fact that as yet the Department has taken no formalized, legally enforceable action (such as the issuance of a subpoena duces tecum, Iowa Code section 422.70(1) (1985)) that would define precisely the scope of its requests.

Such definition is needed to avoid the danger that the constitutional adjudication plaintiff seeks will be mooted by subsequent favorable agency action. *See Salsbury Laboratories v. Iowa Department of Environmental Quality*, 276 N.W.2d 830, 837 (Iowa 1979). As this case now stands, it is possible that a constitutional adjudication undertaken at this time could be rendered wholly academic if the Department later chooses to confine its formalized requests to such documents and records as plaintiff has no constitutional objection to producing. On the record before us, we believe that a decision at this time on the merits of the issues presented by plaintiff would be premature adjudication of the type that the ripeness doctrine is designed to prevent.

Nor do we find that withholding judicial consideration of this case will work a hardship on plaintiff sufficiently great to justify judicial intervention at this time. As noted above, no subpoena duces tecum compelling production of any documents has as yet issued from the Department. Any such subpoena would be subject to judicial contest before compliance could be exacted from plaintiff. *See* Iowa Code §§ 17A.13, 422.70(4). At that time the constitutional issues plaintiff raises may be fully litigated in the context of formalized agency action, and resolution of those issues may be undertaken without the risk that they may subsequently become moot.

Under our view of the case, we need not review the correctness of the district court's rulings concerning exhaustion of administrative remedies. The court did not err in dismissing plaintiff's petition. The case is affirmed.

AFFIRMED.