**CITIZENS FOR RESPONSIBLE CHOICES, an Iowa Nonprofit Corporation, Appellant,**

v.

**CITY OF SHENANDOAH and City of Clarinda, Appellees.**

No. 03–1437.

Supreme Court of Iowa.

Sept. 1, 2004.

Mark McCormick of Belin Lamson McCormick Zumbach Flynn, a P.C., Des Moines, and Frank Murray Smith of Frank M. Smith Law Office, Des Moines, for appellant.

Andrew R. Anderson and Chad R. Anderson of Faegre & Benson LLP, Des Moines, and Robert E. Norris, Shenandoah, for appellees.

CARTER, Justice.

Citizens for Responsible Choices (Citizens), a nonprofit corporation whose members object to a public improvement project that includes a recreational lake and public park, appeal from an order granting a motion to dismiss its claims for declaratory relief. The appellees are the City of Shenandoah and the City of Clarinda (the cities).

Citizens maintains that it has a valid claim for declaring the proposed project unlawful on three separate theories: (1) The proposed revenue bond financing of the project is in violation of Iowa Code chapter 384 (2003); (2) the project, as proposed, will be located closer than seventy miles to a border of the state in violation of Iowa Code section 461A.77; and (3) the

proposed project is a misuse of a designated agricultural area contrary to Iowa Code section 352.6. The district court sustained the cities' motion to dismiss these claims on both ripeness and standing grounds. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

Citizens' amended and substituted petition alleges the following facts. The cities propose to construct two projects: a water treatment plant and distribution system, and a recreational lake and public park. Land owned or rented by members of Citizens will be acquired by eminent domain for purposes of those projects. The cities propose to pay for the projects, including the recreational lake and public park portion thereof, through the issuance of revenue bonds financed by the users of municipal water utilities.

Citizens asserts in its petition that use of revenue bond financing for the recreational lake and public park is not authorized by Iowa Code section 384.80 and following sections in that chapter. That pleading also asserts that, because the proposed water recreational area will be closer than seventy miles to a border of the state, it would violate the provisions of Iowa Code section 461A.77. Finally, it is alleged that Iowa Code section 352.6 precludes the use of their members' lands for nonagricultural purposes because those lands have been declared to be an agricultural area.

### I. *Alleged Procedural Irregularities.*

Before discussing the merits of the district court's ruling, Citizens complains of what it asserts were procedural irregularities therein.

■ A. *Lack of court approval for amendment to petition.* The first irregularity that is suggested is the fact that the cities had answered Citizens' original peti-

tion and filed no motions to assail that pleading. When Citizens thereafter filed and served a motion for leave to amend its petition, the cities filed a document stating "Defendants do not resist Plaintiffs' Motion for Leave to Amend." They then moved to dismiss the amended and substituted petition, although no ruling had yet been made by the court allowing the amendment. In fact, there is no such ruling anywhere in the record, and no amended petition was served and filed other than as an exhibit to the motion for leave to amend.

A hearing was held on the motion to dismiss the amended and substituted petition. Citizens made no objection to considering that motion on the ground that the amended petition had not been allowed by the court or that the amended petition had not been independently served and filed as such. We are satisfied that the amended petition was accepted by both parties and the court as if it had been substituted for the original petition. Consequently, Citizens has waived any right to now complain of a lack of a court order approving the amended petition.

■ B. *Failure to hold an evidentiary hearing.* Citizens urges that motions challenging the jurisdiction of the court require an evidentiary showing in support thereof. Based on this premise, it asserts that the district court improperly granted the cities' motion on jurisdictional, ripeness, or standing grounds. In considering former rule of civil procedure 104(*a*), currently Iowa Rule of Civil Procedure 1.421(1), we recognized that "affida-

vits and other evidentiary showings" could be used in support of and in resistance to "preanswer jurisdictional challenges." *Moyer v. City of Des Moines,* 505 N.W.2d 191, 193 n. 3 (Iowa 1993).[1] That does not mean, however, that an evidentiary hearing is required in all instances to sustain a motion based on subject matter jurisdiction, ripeness, or standing. Averments in a pleading are conclusive admissions of the facts pleaded. *Sheerin v. Holin Co.,* 380 N.W.2d 415, 417 (Iowa 1986); *Grantham v. Potthoff-Rosene Co.,* 257 Iowa 224, 230, 131 N.W.2d 256, 259 (1964). Consequently, such motions may be granted if the grounds thereof are established by the allegations of a plaintiff's petition. The district court properly considered the motion to dismiss based on the allegations of the petition and, in addition, on the standing issue, on the concessions made in Citizens' response to the motion.

## II. *Ripeness.*

■ One of the grounds on which the district court sustained the cities' motion to dismiss was a determination that the case was not ripe for adjudication. The court ruled that it was not certain that the projects would take place. In challenging this conclusion, Citizens argues that its petition alleges these projects are well on their way, application for public funding has been made, and partial public financing has already been obtained. It urges that the mere designation of its members' lands for inclusion in the project has caused them economic harm. The cities respond to these arguments by urging

1. Under rule 1.421(1), preanswer jurisdictional challenges include both lack of personal jurisdiction and lack of subject matter jurisdiction. While lack of ripeness or standing are technically not matters of subject matter jurisdiction, they are closely related doctrines. We have previously determined that the ripeness of a petition for declaratory judgment may be determined on a preanswer motion to dismiss. *Gospel Assembly Church v. Iowa Dep't of Revenue,* 368 N.W.2d 158, 159 (Iowa 1985). We are satisfied that standing may also be challenged in such a motion, although in the present case this matter was raised by the district court *sua sponte.*

that, as shown by Citizens' own petition, many contingencies exist that might preclude fruition of these projects.

Iowa Rule of Civil Procedure 1.1102 provides:

> Any person interested in an oral or written contract, or a will, or whose rights, status or other legal relations are affected by any statute, municipal ordinance, rule, regulation, contract or franchise, may have any question of the construction or validity thereof or arising thereunder determined, and obtain a declaration of rights, status or legal relations thereunder.

In applying this rule, we have recognized that "[o]ne of the most troublesome questions in this field of law is, when does a justiciable controversy arise, as distinguished from a mere abstract question?" *Wesselink v. State Dep't of Health,* 248 Iowa 639, 643, 80 N.W.2d 484, 486 (1957). In answering that question, we have said:

> The basic question is said to be whether the facts alleged show there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant a declaratory judgment.

*Katz Inv. Co. v. Lynch,* 242 Iowa 640, 648, 47 N.W.2d 800, 805 (1951).

> We search, then, for an "antagonistic assertion and denial of right" and, if found and other proper allegations appear, the court may then entertain the question of whether the plaintiffs' claim is proper and justified.

*Wesselink,* 248 Iowa at 644, 80 N.W.2d at 487.

Citizens' petition alleges that the cities have stated in an application to the state for financial assistance that $14,576,000 will be raised for the recreational lake project by the sale of revenue bonds. The petition further alleges that "the revenue bonds defendants [the cities] *intend to sell* will be paid for by their respective water utilities." (Emphasis added.) The issuance of any revenue bonds would require a public hearing before the governing bodies of the cities at which residents of the cities or persons owning property therein could object to the proposal. Iowa Code § 384.83(2)(*a*). Thereafter, the governing bodies must "take additional action for the issuance of the bonds or abandon the proposal to issue bonds." *Id.* We are convinced that for purposes of a declaratory judgment there is no justiciable controversy prior to the final decision of the governing bodies to issue the revenue bonds.

Citizens urges that it should not be required to await the public hearing and counsel vote before challenging the project because its members are not residents or property owners within the cities and thus are ineligible to file objections under section 384.83(2)(*a*). This circumstance does not alter the contingent status of the revenue-bond proposal, a circumstance that renders Citizens' challenge premature and lacking in ripeness.[2]

■ A similar conclusion as to lack of ripeness exists with respect to Citizens'

---

**2.** The case of *Comes v. City of Atlantic,* 601 N.W.2d 93 (Iowa 1999), relied on by Citizens, does not aid its claim of justiciability. *Comes* was not a declaratory judgment action. It was an attempt to enjoin the condemnation of the plaintiff's property for airport expansion until such time as all necessary permits and approvals for the project had been obtained. In reversing the district court's issuance of an injunction against condemnation until final approval of the project, we recognized that land may be rightfully acquired by eminent domain for anticipated future uses. The only application of that case to the present dispute would be as an aid to the cities in seeking condemnation of the lands of Citizens' members in advance of the final approval of its project. It does not support Citizens' right to challenge the project at this stage of its formulation.

attempt to obtain an adjudication that the proposed project would violate the provisions of Iowa Code section 461A.77 because it includes a proposed water recreational area that will be closer than seventy miles to a border of the state. Section 461A.77 is located among a group of statutes pertaining to the creation of water recreational areas by municipalities. The provision prohibiting the location of such projects within seventy miles of the border of another state refers to "water recreational areas ... *established hereunder.*" (Emphasis added.) We interpret this to mean it applies to water recreational areas established in accordance with Iowa Code section 461A.59 and other statutes contained in that division of the Code. It is clearly stated, however, in section 461A.78 that "[t]his division [of the Code] shall not be the exclusive method for establishing a water recreational area." Nothing in Citizens' petition asserts that steps have been undertaken by the cities to establish a water recreational area under sections 461A.59 and following. Unless and until that is done, we are convinced there is no justiciable controversy with regard to the applicability of section 461A.77.

### III. *Standing.*

■ As an alternative to its adjudication based on lack of ripeness, the district court concluded that Citizens lacked standing to challenge the issuance of revenue bonds to finance this project. That ruling was premised on Citizens' admission in its resistance to the motion to dismiss that none of its members were taxpayers or utilities customers of either of the appellee cities.[3] Citizens responds by contending that its

members will be damaged by the project that the revenue bonds will make possible.

" 'Standing to sue' has been defined to mean that a party must have 'sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.' " *Birkhofer ex rel. Johannsen v. Brammeier,* 610 N.W.2d 844, 847 (Iowa 2000) (quoting Black's Law Dictionary 1405 (6th ed.1990)). Our cases have determined that a complaining party must (1) have a specific personal or legal interest in the litigation and (2) be injuriously affected. *Id.; In re Marriage of Mitchell,* 531 N.W.2d 132, 134 (Iowa 1995); *Hawkeye Bancorporation v. Iowa College Aid Comm'n,* 360 N.W.2d 798, 801 (Iowa 1985). In the *Hawkeye Bancorporation* case, we emphasized that having a legal interest in the litigation and being injuriously affected are separate requirements for standing, both of which must be satisfied. 360 N.W.2d at 801.

■ Whether litigants have standing does not depend on the legal merit of their claims, but rather whether, if the wrong alleged produces a legally cognizable injury, they are among those who have sustained it. *Iowa Civil Liberties Union v. Critelli,* 244 N.W.2d 564, 567 (Iowa 1976). We are satisfied that these principles support the district court's conclusion that Citizens lacked standing to challenge the issuance of the revenue bonds. The bonds would produce no adverse effect on Citizens' members. Their injury, if any, would come as a result of a project that is financed by the bonds. That nexus does not give Citizens standing to sue on this issue.

---

**3.** This admission was made for purposes of avoiding the cities' claim that Citizens had failed to exhaust an administrative remedy available with respect to the issuance of the revenue bonds. That remedy is only available to residents of the cities and persons owning property therein.

### IV. *Uses Limited by Designated Agricultural Areas.*

The district court's decision contained no special mention of Citizens' claims based on uses prohibited in a designated agricultural area by Iowa Code section 352.6. We are satisfied that Citizens' claim based on that statute is not ripe for adjudication based on the same considerations that were discussed in Division II of this opinion. Moreover, because the cities urged in their motion to dismiss that this allegation fails to state a claim upon which relief may be granted, we observe that our decision in *In re Condemnation of Certain Rights*, 666 N.W.2d 137, 139–40 (Iowa 2003), forecloses the adjudication that Citizens has requested with regard to that statute.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**