# IN THE COURT OF APPEALS OF IOWA

No. 12-2025
Filed September 17, 2014

GAYLE GLEASON,
        Plaintiff,

And

**MICHAEL N. GLEASON,**
        **Plaintiff-Appellant,**

**vs.**

SANJIT S. KORDE, TED D.C. GLEASON and
RYAN M.C. GLEASON,
        Defendants,

And

**THEODORE ALAN GLEASON, Trustee**
**of the Theodore Alan Gleason**
**Trust, GEORGE GLEASON,**
        **Defendants-Appellees.**
_____

        Appeal from the Iowa District Court for Pocahontas County, Kurt J.

Stoebe, Judge.


        Beneficiary appeals an order to partition inherited real property arguing the

will's forfeiture clause bars partition.  **AFFIRMED.**


        Michael N. Gleason, Gilmore City, appellant pro se.

        Dani L. Eisentrager of Eisentrager Law, Eagle Grove, for plaintiff Gayle

Gleason.

        Edwin T. Hood of Hood Law Group, Kansas City, Missouri.

Sanjit S. Korde, Cambridge, Massachusetts, pro se.

George W. Gleason and Theodore Alan Gleason, Gilmore City, pro se.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

Michael Gleason appeals the district court's decree granting partition of property inherited from his mother, Dorothy Gleason, and shared with his relatives as tenants in common. Michael claims the forfeiture clause, contained in Article VI of Dorothy's will, removed George Gleason's and Theodore Gleason's ("appellees") rights to the property when they filed an action for partition.

## I.    BACKGROUND FACTS AND PROCEEDINGS

Dorothy had six children: Michael N. Gleason, David W. Gleason, Theodore A. Gleason, Gayle F. Gleason, Margaret G. Korde, and George W. Gleason. Dorothy passed away on November 15, 2004. At her death, Dorothy owned a homestead in Gilmore City, Iowa, and farmland in nearby Humbolt County, Iowa. The probate proceedings were handled pro se and the estate closed on June 19, 2006. Margaret predeceased Dorothy and her son, Sanjit Korde, took by representation. David passed away after the estate closed. His two sons, Ted D.C. Gleason and Ryan M.C. Gleason, received his share.

The portions of Dorothy's will relevant to this appeal are as follows:

> ARTICLE IV
> I give, devise and bequeath all real estate owned by me at my death to my children equally and in fee simple, subject to the following restrictions, terms and conditions, to-wit:
> . . . .
> ARTICLE VI
> It is my expressed desire and intent to have the provisions of this my Last Will and Testament administered without objection by any of my named beneficiaries. I have given this Will a great deal of thought and firmly believe the provisions set forth herein are fair and equitable to all beneficiaries. In the event any beneficiary shall legally challenge this Will, making any claim against the estate or

attempt to partition the real estate, then that beneficiary's share shall be forfeited and distributed to the other named beneficiaries.

This appeal centers on the disposition of Dorothy's homestead and farmland. The appellant's and appellees' pro se briefs focus heavily on the facts underlying this case. However, much of this information is not useful on appeal and will not be discussed. In short, Michael argues the district court failed to comply with Dorothy's will by allowing the appellees to partition the real property granted by the will. The appellees respond by raising three counter arguments: (1) Michael failed to preserve error on this issue, (2) Michael lacks standing to pursue this appeal, and (3) the forfeiture clause Michael bases his argument on is unenforceable.

## II.  SCOPE OF REVIEW

We review the district court's decision de novo. Iowa R. App. P. 6.907; *Garrett v. Huster*, 684 N.W.2d 250, 253 (Iowa 2004). In an equity case, we are not bound by the district court's decision, but we do give weight to the court's factual findings, especially its determinations of credibility. Iowa R. App. P. 6.904(3)(g); *In re Estate of Roethler*, 801 N.W.2d 833, 837 (Iowa 2011). We examine the whole record and adjudicate the rights anew so long as the issue has been properly presented and error preserved in the district court. *In re Estate of Cory*, 184 N.W.2d 693, 695 (Iowa 1971).

## III.  ERROR PRESERVATION

Michael claims he preserved error in this case because he raised the issue of the will's forfeiture clause in his rule 1.904(2) motion to enlarge findings.

The appellees claim Michael did not preserve error because he failed to raise the issue either before or during trial and cannot do so now for the first time on appeal.

Error preservation rules exist to provide district courts an opportunity to avoid or correct errors and to provide a record for appellate courts. *Veatch v. Bartels Lutheran Home*, 804 N.W.2d 530, 533 (Iowa Ct. App. 2011). A party ordinarily must raise an issue and the district court must rule on that issue to ensure preservation for appellate review. *Duck Creek Tire Serv., Inc. v. Goodyear Corners, L.C.*, 796 N.W.2d 886, 892 (Iowa 2011). Even if a party properly raises an issue, if the district court fails to rule on it, the party must file a motion requesting a ruling on the issue to preserve error. *Kramer v. Bd. of Adjustment for Sioux County,* 795 N.W.2d 86, 93 (Iowa Ct. App. 2010). Iowa Rule of Civil Procedure 1.904 motion is one method to preserve error on an issue if the district court failed to rule on that issue. *Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002). Accordingly, we find Michael properly preserved error on the issue of the will's forfeiture clause.

## IV. Standing

The appellees claim Michael lost standing to pursue this appeal when, on April 30, 2013, and while this appeal was pending, he conveyed all his rights and interest in the inherited property to his sister Gayle by a warranty deed. Michael responds by admitting he did completely convey his rights in the property, though he notes Gayle re-conveyed the property to him on June 12, 2013. Michael

argues he made a mistake and, because he retained a future interest in the property, he retained standing.

A party has standing to sue if that party has a "sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Citizens for Responsible Choices v. City of Shenandoah*, 686 N.W.2d 470, 475 (Iowa 2004) (citation omitted). A complaining party must (1) have a specific personal or legal interest in the litigation and (2) be injuriously affected. *Id.* Having a legal interest and being injuriously affected are separate requirements for standing. *Alons v. Iowa Dist. Ct.*, 698 N.W.2d 858, 864 (Iowa 2005). Standing may be lost if the claim on which it is based becomes moot. *Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 567–68 (Iowa 1976). The requirements for standing must exist at the commencement of the litigation and throughout its existence or the issue will become moot. *Baker v. City of Iowa City*, 750 N.W.2d 93, 97–98 (Iowa 2008) (citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980)).[1]

When Michael conveyed all of his rights and interest in the property to Gayle he lost a personal and legal interest in this dispute. Once Michael lost his interest it could not be regained. Therefore, Michael no longer has standing to pursue this claim.

Nevertheless, even though Michael does not have standing to pursue this appeal, we exercise our discretion and address the merits of his claim. Given the

---

[1] We supplement our standing requirements by drawing from federal law on standing. *Godfrey v. State*, 752 N.W.2d 413, 418 (Iowa 2008).

*Bleak House*[2] level of litigation underlying this appeal, we believe addressing the merits, though not required to do so, will bring the case to a more satisfactory conclusion.

**V.     The Provisions of Dorothy's Will**

Michael claims the district court erred by not considering the forfeiture clause contained in Article VI of Dorothy's will, which he claims acts to remove a beneficiary's right to the real property.  He claims the appellees' right to the property estate should be removed since they filed an action to partition and sell the property.  The appellees counter by stating Article VI is unenforceable.

We must first construe the provisions of Dorothy's will under the well-established principles of will construction.  A testator's intent must be derived from: "(a) all of the language contained within the four corners of the will, (b) the scheme of distribution, (c) the surrounding circumstances at the time of the will's execution and (d) the existing facts[.]"  *In re Estate of Roethler*, 801 N.W.2d 833, 842 (Iowa 2011) (citing *In re Estate of Rogers*, 473 N.W.2d 36, 39 (Iowa 1991)). "In determining intent, the question is not what the testator meant to say, but rather what is the meaning of what the testator did say."  *Id.*

Article IV of Dorothy's will states: "I give, devise and bequeath all real estate owned by me at my death to my children equally and in fee simple . . . ." The will continues by placing "restrictions, terms and conditions" on the fee simple devise.  Testimony at trial by Gary Groves, the attorney who met with Dorothy and prepared her will, shows Dorothy intended to transfer title in fee

---

[2] CHARLES DICKENS, BLEAK HOUSE (Norman Page ed., Penguin Books 1971) (1853).

simple to the beneficiaries. Gary advised Dorothy on how a trust could work to enforce the restrictions she wished to impose on her real estate. Dorothy rejected the idea of a trust due to its costs and burdens. As the district court stated: "She preferred to transfer title in fee to her children and express her wishes in the will. She simply relied on her children to follow these wishes. . . . She executed this will knowing that her directions were unenforceable."

Our well-established precedent shows "that a testator cannot make an absolute devise of property in fee, and in a subsequent clause of h[er] will defeat or destroy h[er] gift or limit the enjoyment of the thing given." *Iowa City State Bank v. Pritchard*, 202 N.W. 512, 513 (Iowa 1925); *Culver v. Hess*, 14 N.W.2d 692, 694 (Iowa 1944) ("[I]n construing wills generally the devise of real estate granting a fee-simple estate will not be affected or impaired by a subsequent clause placing limitations on such devise and reducing it to an estate less than fee simple, and that having once transferred the entire fee-simple estate, the entire interest therein is disposed of, and subsequent limitations are repugnant thereto and void."). An exception to this general rule exists for testamentary provisions acting to postpone or prohibit partition for a reasonable time. *See Elberts v. Elberts*, 141 N.W. 57, 58 (Iowa 1913) (upholding testamentary provision postponing partition of a farm for ten years). Dorothy's testamentary prohibition on the partition of her real estate does not list any time frame after which partition is allowable. Therefore, Dorothy's limit on the partition of her real estate does not fit into this exception.

Dorothy devised her real estate to her beneficiaries in fee simple; any subsequent language in her will merely expresses her wishes and desires but does not have legal significance. Article VI and the other provisions in Dorothy's will acting to limit the beneficiaries' fee simple interest in the property are unenforceable under Iowa law. Accordingly, we affirm.

**AFFIRMED.**