# IN THE COURT OF APPEALS OF IOWA

No. 19-1789
Filed February 19, 2020

**THOMAS J. DUFF,**
          Plaintiff-Appellee/Cross-Appellant,

**vs.**

**GOVERNOR KIMBERLY K. REYNOLDS, GLEN DICKINSON, LESLIE HICKEY
and DAN HUITINK,**
          Defendants-Appellants/Cross-Appellees.
_____

          Appeal from the Iowa District Court for Polk County, Joseph Seidlin, Judge.

          Appellants appeal, and appellee cross-appeals, a district court ruling on appellants' motion to dismiss. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED ON BOTH APPEALS.**

          Thomas J. Miller, Attorney General, Jeffrey S. Thompson, Solicitor General, and David M. Ranscht and Thomas J. Ogden, Assistant Attorneys General, for appellants.

          Bob Rush and Nate Willems of Rush & Nicholson, P.L.C., Cedar Rapids, for appellee.

          Heard by Bower, C.J., Mullins, J., Greer, J., Danilson, S.J.*, and Potterfield, S.J.*  May, Schumacher, and Ahlers, JJ., take no part.

          *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**MULLINS, Judge.**

This appeal concerns the "role of the courts in a democratic society," *see Godfrey v. State*, 752 N.W.2d 413, 418 (Iowa 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)), and involves a district court ruling on a motion to dismiss a lawsuit challenging divisions XIII and XIV of Senate File (SF) 638.[1] On interlocutory appeal, the appellants[2] appeal, and appellee Thomas Duff cross-appeals, the district court's partial grant and partial denial of the appellants' motion to dismiss. The appellants argue the court erred in concluding Duff has standing to sue as a previously unsuccessful judicial applicant before the State Judicial Nominating Commission (Commission). Duff argues the court erred in failing to also conclude he has standing to sue as a member of the Iowa bar, he should alternatively be excepted from the standing requirement because his lawsuit concerns a matter of great public importance, and the court erred in declining to grant a temporary injunction.

## I.    Background Facts and Proceedings

On April 27, 2019, the legislature passed SF 638, which amended how commissioners on the Commission are selected as well as the election and term of office of the Chief Justice of the Iowa Supreme Court. *See generally* 2019 Iowa Acts ch. 89, §§ 46–48, 50, 61–62 (codified at Iowa Code §§ 46.1–.2A, .6, 602.4103,

---

[1] We file this decision contemporaneously with our decision in a separate appeal concerning the district court's grant of a motion to dismiss a separate lawsuit forwarding generally identical claims. *See generally Rush v. Reynolds*, No. 19-1109, 2020 WL _____ (Iowa Ct. App. Feb. 19, 2020).

[2] The appellants include Governor Kimberly Reynolds, Director of the Legislative Services Agency Glen Dickinson, Iowa Code Editor Leslie Hickey, and Dan Huitink, an appointee to the State Judicial Nominating Commission—all in their official capacities.

.4103A (2019)). The amendments to the commissioner-selection procedures became effective upon enactment. *Id.* § 60. On May 8, Governor Reynolds signed the legislation into law. Two days later, Governor Reynolds appointed Huitink to fill the newly-created, ninth appointed position on the Commission.

In July, due to a retirement, a vacancy opened on the Iowa Court of Appeals. Duff—a lawyer licensed to practice law in the State of Iowa—applied for the vacancy and, on August 5, was interviewed by the Commission. The Commission did not submit Duff to Governor Reynolds as a nominee for the judicial vacancy. On August 29, the Governor appointed a judge from the nominees submitted to her.

In September, Duff filed a petition and application for injunctive relief and expedited hearing. The petition alleged the new laws violated article III, section 29 of the Iowa Constitution and separation-of-powers principles. As to article III, section 29, the petition alleged the legislation violated "the Iowa constitutional protection against logrolling" and the "constitutional protection to prevent surprise and fraud from being visited on the legislature and the public." The petition also alleged the legislation, "by dictating to a separate and co-equal branch how its leadership ([c]hief [j]ustice) should be selected and the term of office," amounted to an unconstitutional "encroachment on judicial powers." The petition requested a temporary injunction and expedited consideration.

In October, the appellants filed a pre-answer motion to dismiss, arguing Duff lacked standing to challenge the new laws as either a lawyer in general or an unsuccessful applicant before the Commission. The State also submitted waiver

of the standing requirement would be inappropriate because the matter is not an issue of great public importance.

Duff resisted. He argued he had standing "as a (1) judicial applicant now and in the future, and (2) member of the [Iowa] [b]ar." He alternatively argued the issue was "a matter of great public importance" and the standing requirement should be waived.

Following a hearing, the district court entered an order partially granting the appellants' motion to dismiss. As to the changes to the commissioner-selection procedures, the district court concluded Duff's status as an Iowa attorney was insufficient to establish standing. However, the court concluded Duff's status as an unsuccessful applicant before the Commission "is enough to show a sufficient specific personal stake in the controversy" to establish standing. As to the legislative amendments concerning the election and term of office of the chief justice, the court concluded Duff lacked standing to challenge the legislation. The court denied Duff's request for temporary enjoinment of enforcement and publication of the new laws.

The supreme court granted the parties' cross-applications for interlocutory appeal and transferred the matter to this court for resolution.

## II.     Standard of Review

We review questions of standing and rulings denying a motion to dismiss for correction of errors at law. *Homan v. Branstad*, 864 N.W.2d 321, 327 (Iowa 2015) (standing); *Madden v. City of Iowa City*, 848 N.W.2d 40, 44 (Iowa 2014) (motions to dismiss). "A motion to dismiss should only be granted if the allegations in the petition, taken as true, could not entitle the plaintiff to any relief." *King v.*

*State*, 818 N.W.2d 1, 9 (Iowa 2012) (quoting *Sanchez v. State*, 692 N.W.2d 812, 816 (Iowa 2005)).  Denying a motion to dismiss is appropriate unless the petition "on its face shows no right of recovery under any state of facts."  *Ritz v. Wapello Cty. Bd. of Supervisors*, 595 N.W.2d 786, 789 (Iowa 1999) (quoting *Schaffer v. Frank Moyer Constr., Inc.*, 563 N.W.2d 605, 607 (Iowa 1997)).  "[W]e accept as true the petition's well-pleaded factual allegations, but not its legal conclusions." *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014).

**III.    Analysis**

A.    Appeal

The appellants challenge the district court's conclusion that Duff, as a previous unsuccessful judicial applicant, has standing to challenge the changes to the makeup and selection of the Commission.

The standing doctrine "serves to limit which persons may bring a lawsuit." *Godfrey*, 752 N.W.2d at 417–18; *accord Standing*, *Black's Law Dictionary* (11th ed. 2019) (defining standing as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right").  Iowa's doctrine of standing "parallels the federal doctrine, even though standing under federal law is fundamentally derived from constitutional strictures not directly found in the Iowa Constitution."  *Godfrey*, 752 N.W.2d at 418.  "Whether litigants have standing does not depend on the legal merits of their claims, but rather whether, if the wrong alleged produces a legally cognizable injury, they are among those who have sustained it."  *Citizens for Responsible Choices v. City of Shenandoah*, 686 N.W.2d 470, 475 (Iowa 2004).

In order to establish standing to sue, the "complaining party must (1) have a specific personal or legal interest in the litigation and (2) be injuriously affected."

*Horsfield Materials, Inc. v. City of Dyersville*, 834 N.W.2d 444, 452 (Iowa 2013) (quoting *Citizens*, 686 N.W.2d at 475). "The first element—the plaintiff has a specific personal or legal interest" requires a party to "have a special interest in the challenged action, 'as distinguished from a general interest.'" *Godfrey*, 752 N.W.2d at 419 (quoting *City of Des Moines v. Pub. Emp't Relations Bd.*, 275 N.W.2d 753, 759 (Iowa 1979)). "The second requirement—the plaintiff must be injuriously affected—means the plaintiff must be 'injured in fact.'" *Id.* (citation omitted). "To satisfy the second element, 'the injury cannot be "conjectural" or "hypothetical," but must be "concrete" and "actual or imminent."'" *Hawkeye Foodservice Distrib., Inc. v. Iowa Educators Corp.*, 812 N.W.2d 600, 606 (Iowa 2012) (quoting *Godfrey*, 752 N.W.2d at 420). A "plaintiff must establish a causal connection between the injury and the conduct complained of and that the injury is likely, as opposed to merely speculative, to be redressed by a favorable decision." *Horsfield Materials*, 834 N.W.2d at 457–58 (citation omitted).

The district court concluded Duff satisfied the standing requirement because he suffered an actual injury because the new legislation deprived him of the opportunity to be considered by the "right commission"—a Commission composed of an equal amount of elected and appointed members and a supreme court justice and because the alleged claim that the change in Commission composition is unconstitutional, said injury was in fact.

Prior to the enactment of SF 638, the Commission was composed of seventeen commissioners—eight being elected by licensed Iowa attorneys; eight being appointed by the governor; and one chairperson, the most senior supreme court justice other than the chief justice. *See* Iowa Code §§ 46.1–.2A, .6 (2018);

*see also* Iowa Const. art. V, § 16. SF 638 changed the composition of the Commission by allowing the governor to appoint nine commissioners, removing the most senior justice as the chairperson, and providing for election of one of the commissioners as a chairperson. *See* 2019 Iowa Acts ch. 89, §§ 46, 50.

The State argues Duff did not suffer a redressable constitutional injury and his alleged injury does not entitle him to prospective relief. *See, e.g.*, *Godfrey*, 752 N.W.2d at 421 (noting it must be "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision'" (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992))). Duff argues he had a past injury because he was denied the opportunity to appear before a Commission comprised as authorized by law prior to approval of SF 638. And he argues he will suffer an injury in the future because he intends to apply for open positions in the future but is discouraged because of politicization of the Commission.

First we address his claim of past injury. Duff applied to the Commission, did not challenge the authority of the Commission, participated in the process, and was not nominated. It is not clear whether his complaint is that he was not nominated or simply that he was not able to appear before the "right Commission." To the extent his claim is that he was not nominated, his claim is not subject to redress by any action of this court. The Commission in this case, and prior Commissions, considered the applicants, deliberated in secret, voted individually, and selected nominees. The governor appointed a judge from the selected nominees. This court has no authority to undo what has been done. Duff can neither show an injury nor could any such injury be subject to redress in this court.

To the extent he claims a right to have been able to appear before a "right Commission" either in the past or in the future, we find nothing in article V, section 16, that confers rights to individual applicants. There is nothing in the legislative history of article V, section 16 that identifies rights of individuals. Duff appeared before the assembled Commission. He did not object. It was only after he was not nominated and after the Governor appointed a judge from the slate of nominees that he objected to the Commission by filing this lawsuit. His claim of past injury suffers the same "not subject to redress" analysis as set forth above. His claim concerning his future plans to apply are purely speculative and reveal no "injury in fact." *See Alons v. Iowa Dist. Ct.*, 698 N.W.2d 858, 872 (Iowa 2005) ("'[S]imply anticipating some wrong or injury' is not enough for standing." (quoting *Polk Cty. v. Dist. Ct.*, 110 N.W. 1054, 1055 (Iowa 1907))). His claims fail.

We conclude Duff lacks standing as a past or future applicant before the Commission. We therefore reverse the partial denial of the motion to dismiss on the ground that Duff had standing as a judicial applicant.

B. Cross-Appeal

On cross-appeal, Duff argues the court erred in failing to also conclude he has standing to sue as a member of the Iowa bar, he should alternatively be excepted from the standing requirement because his lawsuit concerns a matter of great public importance, and the court erred in declining to grant a temporary injunction. We rejected the former two claims in *Rush*, and we follow suit here. 2020 WL _____, at *__, __. We need not consider Duff's request for an injunction. We affirm the district court's partial grant of the appellants' motion to dismiss on these issues.

**IV.    Conclusion**

We affirm the district court's partial grant of the appellants' motion to dismiss but reverse its partial denial of the same.  We remand the matter to the district court to enter an order granting the appellants' motion to dismiss in its entirety.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED ON BOTH APPEALS.**

Bower, C.J., and Greer, J., concur; Danilson, S.J., and Potterfield, S.J., concur in part and dissent in part.

**DANILSON, Senior Judge** (concurring in part and dissenting in part).

I respectfully dissent in part. I agree with my colleagues in the majority that Duff does not have traditional standing to challenge divisions XIII and XIV of SF 638. I part ways with the majority in respect to the cross-appeal and would find Duff is entitled to an exception to standing by raising an issue of great public importance consistent with the reasons provided in *Rush v. Reynolds*, No. 19-1109, 2020 WL _____ (Iowa Ct. App. Feb. 19, 2020). I would remand for further proceedings.

Potterfield, S.J., joins this partial dissent.