# IN THE COURT OF APPEALS OF IOWA

No. 14-0867
Filed July 9, 2015

**MATTHEW DUANE MCGUIRE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

An applicant for postconviction relief appeals from the dismissal of his application. **AFFIRMED.**

Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Patrick Jennings, County Attorney, for appellee.

Heard by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

Matthew Duane McGuire appeals from dismissal of his application for postconviction relief (PCR). He contends the district court erroneously applied the sentencing enhancement under Iowa Code section 901A.2(5) (2001) to sentence him to life in prison without the opportunity for parole. He argues the district court erred in finding he had twice been convicted of sexual abuse in the second degree; rather, he insists his first conviction was not valid for the purpose of sentencing enhancement due to subsequent case law that disapproved the jury instruction the court cited in its verdict and judgment of guilt. Consequently, he contends the district court applied an illegal sentence, and the PCR court erred in dismissing his application. We affirm.

## I.    BACKGROUND FACTS AND PROCEEDINGS.

In 1989, McGuire was charged with two counts of sexual abuse in the second degree, one count of sexual abuse in the third degree, three counts of indecent contact with a minor, and two counts of lascivious acts. After a 1991 bench trial, the district court convicted him of sexual abuse in the second degree, in violation of Iowa Code section 709.3(2);[1] all other counts were dismissed. With respect to the other counts, the court found there was insufficient evidence

---

[1] All references are to Iowa Code section 709.3(2) as it existed from 1986 (the date of the first allegation relating to the 1991 conviction) through 2004 (the date of the last conviction), making it a class "B" felony to commit sexual abuse with a person under the age of twelve. During that time it remained unchanged with the exception of a minor wording change in 1999. *See* Acts 1999 (78 G.A.) ch. 159, § 3. Section 709.3(2) was renumbered in 2003, but the substance has remained the same. *See* Acts 2013 (85 G.A.) ch. 90, § 228.

of McGuire's specific intent to arouse or satisfy the sexual desires of either the victim or himself.

On the last count of sexual abuse in the second degree, the court found the act of inserting a finger into the victim's vagina was a sex act, consistent with then Uniform Jury Instruction 900.8:

> A sex act is defined as . . . :
> 1. Penetration of the penis into the vagina.
> 2. Contact between the mouth of one person and genitals of another.
> 3. Contact between the genitals of one person and the genitals of another.
> 4. Contact between the finger or hand of one person and the genitals of another person.
> 5. A person's use of an artificial sex organ or a substitute for a sexual organ in contact with the genitals of another.

In 1994, in *State v. Monk*, 514 N.W.2d 448, 450 (Iowa 1994), our supreme court explicitly disapproved of Jury Instruction 900.8, finding it was inconsistent with the definition of sex act as set out in then Iowa Code section 702.17.[2] The court held a necessary element of sexual abuse in the second degree was not merely contact between specified body parts or substitutes but contact of a sexual nature. *Id.* (citing *State v. Pearson*, 514 N.W.2d 452, 455 (Iowa 1994)).

---

[2] The court explained in *Monk*:
> The term "sex act" is defined in Iowa Code section 702.17 as follows:
> > The term "sex act" . . . means any sexual contact between two or more persons by: penetration of the penis into the vagina or anus; contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another; contact between the finger or hand of one person and the genitalia or anus of another person, except in the course of examination or treatment by a [licensed] person . . . ; or by use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus.
> *Monk*, 514 N.W.2d at 450.

"The sexual nature of the contact can be determined from the type of contact and the circumstances surrounding it." *Id.*

In 1996, the Iowa legislature enacted the sexual predator sentencing enhancement under Iowa Code section 901A.2. Acts 1996 (76 G.A.) ch. 1082, § 4. In 1998, the Iowa legislature amended the enhancement provision in section 901A.2(4A).[3] The amendment provided:

> A person who has been convicted of a violation of section 709.3, subsection 2, shall, upon a second conviction for a violation of section 709.3, subsection 2, be committed to the custody of the director of the Iowa department of corrections for the rest of the person's life. In determining whether a conviction is a first or second conviction under this subsection, a prior conviction for a criminal offense committed in another jurisdiction which would constitute a violation of section 709.3, subsection 2, if committed in this state, shall be considered a conviction under this subsection.

*See* Acts 1998 (77 G.A.) ch. 1171, § 20.

In 2000, the legislature amended Iowa Code section 901A.1(2) to provide the following definition of "prior conviction": "As used in this chapter, the term 'prior conviction' includes a plea of guilty, deferred judgment, deferred or suspended sentence, or adjudication of delinquency, regardless of whether a prior conviction occurred before, on, or after the effective date of this act [March 31, 2000]."[4] Acts 2000 (78 G.A.) ch. 1030, § 2.

---

[3] The section was later renumbered to 901A.2(5) and the code references updated to reflect the renumbered sexual abuse code section. Acts 2013 (85 G.A.) ch. 90, H.F. 556, § 255.

[4] The legislature provided the amendment would take effect upon enactment on March 31, 2000. Acts 2000 (78 G.A.) ch. 1030, § 4.

In 2003, McGuire again was charged with and convicted of sexual abuse in the second degree, in violation of Iowa Code section 709.3(2).[5] At his January 2004 sentencing hearing, McGuire agreed he had a previous conviction under section 709.3(2), and the court determined—without objection from the State or McGuire—that the sentencing enhancement under section 901A.2 applied to require he receive a lifetime sentence without eligibility for parole. McGuire appealed, and this court preserved his ineffective-assistance-of-counsel claim for postconviction relief. *State v. McGuire*, No. 04-0187, 2004 WL 2952377, at *1 (Iowa Ct. App. Dec. 22, 2004). McGuire subsequently filed two unsuccessful applications for postconviction relief. *McGuire v. State*, No. 09-1506, 2010 WL 3155233 (Iowa Ct. App. Aug. 11, 2010); *McGuire v. State*, No. 11-1722, 2013 WL 3457420 (Iowa Ct. App. July 10, 2013). This is McGuire's third application for postconviction relief. In this third application, he asserts for the first time that his 1991 conviction under section 709.3(2) was inconsistent with *Monk* because the jury instruction did not require the court to find the contact was sexual in nature.[6] Therefore, he argues, it was not a valid conviction[7] for the purposes of the section 901A.2(5) sentencing enhancement, thus, his sentence is illegal and should be reversed.

---

[5] In addition, McGuire was convicted of two counts of indecent contact with a child, in violation of Iowa Code section 709.12.

[6] McGuire also asserted the sentencing enhancement violated the ex post facto clauses of the federal and Iowa constitutions. The PCR court dismissed this assertion, and McGuire does not renew it on appeal.

[7] McGuire does not dispute that the 1991 conviction is a conviction; he argues only that it is not a first conviction for the purposes of the section 901A.2(5) sentencing enhancement.

The State filed a motion to dismiss the application, arguing the court's findings in the 1991 conviction indicated the court considered the sex act to be sexual in nature based on its consideration of the surrounding circumstances. The State further argued *Monk* was not a substantial change to section 709.3(2), only a change to the jury instruction. As such, the sentencing enhancement was applicable under section 901A.2 and not illegal. The State further argued McGuire waived the argument by failing to raise it at sentencing, in his direct appeal, and in his two previous postconviction-relief applications. According to the State, the argument challenged the procedure which led to the sentence rather than an illegal sentence itself, meaning McGuire was not excused from the rules of error preservation. The PCR court ruled, on the merits, that the legislature meant the enhancement to apply to all prior convictions under section 709.3(2), even if they were inconsistent with *Monk*. It ruled, in the alternative, that McGuire's acts resulting in the 1991 conviction were sexual in nature as a matter of law. The court, therefore, dismissed the application. McGuire appeals.

## II.  ERROR PRESERVATION.

Ordinarily, objections to a sentencing decision must be raised at the earliest opportunity after the grounds for objection become apparent. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). However, Iowa Rule of Criminal Procedure 2.24(5)(a) provides, "The court may correct an illegal sentence at any time." "[W]ith respect to a claim of an illegal sentence, the ordinary rules of issue preservation do not apply." *Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010) (citing *State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009)). "An illegal sentence is

void and, for this reason, is not subject to the usual concepts of waiver, whether from a failure to seek review or other omissions of error preservation." *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010) (internal quotation marks omitted). "[A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bound or that the sentence itself is unconstitutional." *Bruegger*, 733 N.W.2d at 871. "[T]o be 'illegal' for the purposes of rule [2.24(5)(a)[8]], the sentence must be one not authorized by statute." *Tindel*, 629 N.W.2d at 359. "The exclusion of illegal sentences from the principles of error preservation is limited to those cases in which a trial court has stepped outside the codified bounds of allowable sentencing." *State v. Ceasar*, 585 N.W.2d 192, 195 (Iowa 1998) (internal quotation marks and citations omitted). "In other words, the sentence is illegal because it is beyond the power of the court to impose." *Id.*

Although the rule and case law "allow challenges to *illegal* sentences at any time . . . they do not allow challenges to sentences that, because of procedural errors, are illegally *imposed*." *Tindel*, 629 N.W.2d at 359. "[A] defective sentencing procedure does not constitute an 'illegal sentence.'" *State v. Wilson*, 294 N.W.2d 824, 825 (Iowa 1980). "[W]hen the claim is that the sentence itself is inherently illegal, whether based on constitution or statute, the claim may be asserted at any time." *Lathrop*, 781 N.W.2d at 293 (internal quotations omitted). "[E]rrors in *sentencing* may be challenged on *direct appeal*

---

[8] Previously numbered as rule 23(5)(a).

even in the absence of an objection in the district court." *Id.* at 293 (emphasis added). "*Illegal sentences* may be challenged at any time, notwithstanding that the illegality was not raised in the trial court or on appeal." *Id.* (emphasis added). McGuire raised his *Monk* challenge for the first time in this, his third application for postconviction relief.

McGuire's primary claim on appeal is that the sentence was illegal. He contends the section 901A.2(5) sentencing enhancement does not apply to him because when he was convicted of sexual abuse in 2004, it was not a second conviction under the enhancement statute. In the years between his 1991 and 2004 convictions, the supreme court determined in *Monk* that conviction for sexual abuse in the second degree required a factual finding that the contact be sexual in nature. McGuire argues he was convicted in 1991 without such a finding. He further contends because the sentencing enhancement statute was enacted after *Monk*, the legislature must be presumed to have intended only convictions consistent with *Monk* be counted as convictions for the purposes of the sentencing enhancement. Accordingly, he argues the court did not have statutory authority to impose the life sentence.

The State responds that McGuire is challenging a procedural flaw in his sentencing rather than an illegal sentence and, consequently, he waived the claim by not raising it earlier. The State argues examining the jury instructions in the first conviction converts McGuire's claim from a challenge of an illegal sentence to a challenge of an underlying conviction, which goes to substantive issues concerning the conviction, not merely the sentence.

If a sentencing enhancement is improperly imposed, the sentence is illegal. *State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000) (finding the sentence was illegal where the facts did not support a finding of "habitual offender status"). McGuire argues the sentencing enhancement was improperly imposed. Therefore, ordinary rules of error preservation do not apply, and we will address the merits.

## III.    STANDARD OF REVIEW.

We review challenges to the illegality of a sentence for errors of law. *Tindell*, 629 N.W.2d at 359. We affirm a motion to dismiss where the petition shows no right of recovery under any state of facts. *Reiff v. Evans*, 630 N.W.2d 278, 284 (Iowa 2001).

## IV.    ANALYSIS.

We must determine whether the sentencing enhancement was permitted by law. In other words, did the sentencing enhancement apply in this case? McGuire argues, "The General Assembly, in enacting the § 901A.2(5) sentencing enhancement, had in mind [the supreme court's] decision in *Monk*, and so intended for that enhancement to apply to a second conviction under § 709.3(2) only where the first conviction under § 709.3(2) was consistent with *Monk*." Thus, the issue on appeal involves statutory interpretation. We must determine if the legislature intended the enhancement to have the meaning McGuire urges.

"We do not search for legislative intent beyond the express language of a statute when that language is plain and the meaning is clear." *McGill v. Fish*, 790 N.W.2d 113, 118 (Iowa 2010). "[O]ur starting point in statutory interpretation is to

determine if the language has a plain and clear meaning within the context of the circumstances presented by the dispute." *Id.* "We only apply the rules of statutory construction when the statutory terms are ambiguous." *Id.* "[W]e presume words used in a statute to have their ordinary and commonly understood meaning." *Id.* at 119.

In 2004, section 901A.2(5) provided:

> A person who has been convicted of a violation of section 709.3, subsection 2, shall, upon a second conviction for a violation of section 709.3, subsection 2, be committed to the custody of the director of the Iowa department of corrections for the rest of the person's life. In determining whether a conviction is a first or second conviction under this subsection, a prior conviction for a criminal offense committed in another jurisdiction which would constitute a violation of section 709.3, subsection 2, if committed in this state, shall be considered a conviction under this subsection.

On our reading, the plain language of the statute is clear in requiring the sentencing court to apply the enhancement where the defendant is convicted of second-degree sexual abuse and has a previous conviction for second-degree sexual abuse. McGuire argues because *Monk* was decided in 1994 and the enhancement was amended to substantially its current language in 1998, the legislature must be presumed to have intended the reference to section 709.3(2) to refer only to convictions under section 709.3(2) consistent with *Monk*. The plain language does not support his interpretation—the unambiguous language applies to persons upon a second conviction of section 709.3(2) who previously have been convicted under section 709.3(2). There is no reference to *Monk* or convictions secured with a finding of contact of a sexual nature. McGuire asserts the legislature's use of "conviction of a *violation* of section 709.3, subsection 2"

has some significance in light of *Monk*—that this construction requires the sentencing court to focus not on the mere fact of a prior conviction, but on the conduct underlying the prior conviction. Again, the plain language does not support this interpretation.

What is significant is that the word "conviction" is not qualified based on the legislature's awareness of the holding in *Monk*, as McGuire asserts.[9] McGuire argues in this third PCR application that his 1991 conviction is not a conviction for the purposes of the section 901A.2(5) enhancement. McGuire assumes *Monk* applies automatically to somehow invalidate the use of his first conviction for the purpose of enhancement. *Monk* does not have such an effect; the plain language of the enhancement does not prescribe such an effect. We need not decide whether the holding in *Monk* created a claim that McGuire could have brought to seek reversal of his conviction. Neither McGuire's direct appeal from the 1991 conviction nor his PCR applications challenged the conviction. The conviction cannot now be collaterally attacked or the effect limited. The 1991 conviction is a standing conviction for violating section 709.3(2). When he was sentenced in 2004 for second-degree sexual abuse, it was his second conviction for violating section 709.3(2). The legislative sentencing enhancement

---

[9] The PCR court in its ruling relied upon the 2000 amendment to the section 901A.1(2) definition of "prior conviction," set out above. It determined that this amendment showed the legislature intended for a pre-*Monk* conviction to constitute a "prior conviction" for the purposes of section 901A.2(5). However, as McGuire points out, the first sentence of section 901A.2(5) does not contain the term "prior conviction." That term only appears in the second sentence of section 901A.2(5) in reference to convictions in another jurisdiction. We cannot find, therefore, that the definition under 901A.1(2) is applicable to determine whether pre-*Monk* convictions are still valid for the purpose of the enhancement. Nonetheless, our analysis of the plain language is determinative of this issue.

applied; the district court was required by law to impose it. Consequently, it was not an illegal sentence. Accordingly, we affirm the PCR court's dismissal of the application for postconviction relief.

**V.    CONCLUSION.**

We find the plain language of the sentencing enhancement in section 901A.2(5) supports the conclusion that the 2004 conviction was McGuire's second conviction for second-degree sexual abuse within the meaning of the sentencing enhancement. Consequently, the sentencing enhancement applied, and the district court was required by law to impose it. The sentence was not illegal. We affirm.

**AFFIRMED.**