# IN THE COURT OF APPEALS OF IOWA

No. 15-1578
Filed August 31, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERIK MILTON CHILDS,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Delaware County, Thomas A. Bitter, Judge.


        Erik Childs appeals from his conviction for operating while intoxicated in violation of Iowa Code section 321J.2 (2015). **AFFIRMED.**


        Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Erik Childs appeals from his conviction for operating while intoxicated, in violation of Iowa Code section 321J.2 (2015), after testing positive for marijuana metabolites. Childs asserts the district court erred in denying his motion to suppress in which he alleged the traffic stop was unconstitutional and in denying his motion to dismiss based on interpretation of section 321J.2. On our review, we affirm.

Childs contends the district court erred in denying his motion to suppress because the officer had no probable cause or reasonable suspicion to stop his vehicle, in violation of the right to be protected from unreasonable search and seizure under the Fourth Amendment to the United States Constitution and article 1, section 8 of the Iowa Constitution. However, at the motions hearing, Childs stipulated to the fact that the officer "did observe the traffic violation and the failure to have an up-to-date registration." "We have held that '[w]hen a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist.'" *State v. Tyler*, 830 N.W.2d 288, 293 (Iowa 2013) (quoting *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004)). Because the officer witnessed Childs cross the center line and determined Childs had an expired registration, the officer clearly had probable cause to stop the vehicle. We know of no authority—nor has Childs provided any—that prevents an officer from following any particular vehicle notwithstanding a dispatch to locate a different vehicle. Upon our de novo review, *see State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011), we find the district court properly denied the motion to suppress.

Childs also asserts the district court erred in denying the motion to dismiss. Childs argues dismissal of the case was proper because he tested positive for a non-impairing marijuana metabolite. Childs therefore contends he was not driving under the influence as defined by Iowa Code section 321J.2.

Childs relies on the Arizona Supreme Court's holding in *State v. Harris*, 322 P.3d 160, 164 (Ariz. 2014), which determined, "Drivers cannot be convicted of the . . . offense based merely on the presence of a non-impairing metabolite that may reflect the prior usage of marijuana." However, this determination differs from Iowa law.

In *State v. Comried*, the Iowa Supreme Court reasoned, "The legislature added subsection (1)(c) [to Iowa Code section 321J.2], prohibiting driving with any amount of a controlled substance in the body. Although there is no direct legislative history, the legislature likely included the 'any amount' language in the amendment to create a per se ban." 693 N.W.2d 773, 775-76 (Iowa 2005) (citation omitted). The court then held section 321J.2 "is clear and unambiguous and that 'any amount' means any amount greater than zero." *Id.* at 778; *see also State v. Davis*, No. 14-1976, 2016 WL 1677591, at *4 (Iowa Ct. App. Apr. 27, 2016) ("The supreme court has held section 321J.2 allows conviction solely upon proof the defendant had 'any amount' of controlled substance in his body without regard to whether the defendant was actually impaired.").

Childs asks that the holding in *Comried* be overturned, but because we will not diverge from supreme court precedent,[1] we find the district court did not

---

[1] *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

err in interpreting section 321J.2 to include marijuana metabolites and in denying the motion to dismiss. *See McGill v. Fish*, 790 N.W.2d 113, 116 (Iowa 2010) ("The grant or denial of a motion to dismiss is reviewed for errors at law.").

**AFFIRMED.**