# IN THE COURT OF APPEALS OF IOWA

No. 19-1674
Filed November 4, 2020

**CURTIS N. DANIELS and INDIAN CREEK CORPORATION,**
    Plaintiffs-Appellants,

**vs.**

**JOHN HOLTZ, personally and JOHN HOLTZ, d/b/a WSH PROPERTIES, LLC, HUNTERS RETREAT, LLC and NAVAJO ASSOCIATES, LLC,**
    Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Lucas County, John D. Lloyd, Judge.


        Curtis Daniels appeals the district court's grant of the defendants' motion to dismiss. **REVERSED AND REMANDED.**



        Curtis Daniels, Chariton, self-represented appellant.

        John B. Holtz, Phoenix, Arizona, self-represented appellee.



        Considered by Doyle, P.J., and Mullins and Greer, JJ.

**MULLINS, Judge.**

In 2007, Curtis Daniels filed suit against John Holtz and others seeking to set aside a sheriff's sale of real property, "alleging a variety of claims including conspiracy, fraud, denial of equal treatment, unjust enrichment, intimidation, slander, and abuse of process." *Daniels v. Holtz*, 794 N.W.2d 813, 817 (Iowa 2010). The defendants moved for summary judgment, and "Daniels moved to amend his petition to add nine causes of action, including deceit and collusion by the parties and their attorneys." *Id.* The motion to amend was denied, and summary judgment was granted in favor of defendants. *Id.* The supreme court remanded for a new trial on the sole issue of "whether Holtz's actions at the sale chilled the bidding and unfairly or fraudulently caused another bidder to cease bidding" and whether the sale should be set aside on that basis. *Id.* at 825.

On remand, "[t]he court concluded Holtz's actions rose 'to the level of the irregularity, unfairness, and fraud described in case law' and were 'sufficient reason to conclude the sale must be set aside.'" *Daniels v. Holtz*, No. 12-1522, 2013 WL 5743640, at *1 (Iowa Ct. App. Oct. 23, 2013). Holtz appealed, and we affirmed. *Id.* at *2.

"After the second appeal became final, Daniels filed a 'motion for court imposition of a constructive trust, order for restitution and request for punitive damages," alleging:

> This instant action is brought to restore to [him] the [corporation]
> property and property that was owned by [him] personally prior to the
> . . . sheriff's sale along with all proceeds Holtz deprived [the
> corporation and him] of receiving post the sheriff's sale and the costs
> incurred by [him] to recover his property.

*Daniels v. Holtz*, No. 14-1290, 2016 WL 1366760, at *1 (Iowa Ct. App. Apr. 6, 2016) (alterations in original), *cert. denied* 137 S. Ct. 377 (2016).  Holtz resisted, asserting the motion requested the same relief as the 2007 petition, which was already disposed of.  *Id.*  The district court denied Daniels's motion on res-judicata grounds, reasoning, "The remedies of constructive trust, unjust enrichment, and restitution now sought by the plaintiff in his present filings either were brought before the Court and rejected, or were not brought before the Court in a timely manner and thus must be rejected."  *Id.*  We affirmed on appeal.  *Id.* at *2.  We reasoned the issues raised in the motion "were raised before" in the first lawsuit and, although not addressed, "could have been determined."  *Id.*  Specifically, Daniels had

> urged the district court to amend the [remand] ruling to impose "a constructive trust upon Holtz in his post sheriff sale dealings with [Indian Creek Corporation (ICC)], to assure that Holtz is not able to benefit from his fraud."  Daniels also asserted, "All of Holtz's activities concerning ICC/Daniels following the sheriff's sale, the ownership transfer(s) of ICC, sale of ICC's personal property, interference with Daniels operation of ICC, extending the sheriff's sale reach to Daniels's residence/homestead, and other activities by Holtz should all be assessed for fairness by the court.

Daniels filed the lawsuit precipitating this appeal in 2019.  In his petition, he again seeks the return of property allegedly in the wrongful possession of Holtz as a result of the sheriff's sale being set aside, this time pursuant to Iowa Code chapter 646 (recovery of real property) and 649 (quieting title).  He also seeks reimbursement for rent of and damages to the real property occurring during the alleged wrongful possession, as well as damages for conversion of personal property.

The defendants filed a pre-answer motion to dismiss, forwarding allegations concerning Daniels's onslaught of senseless litigation against Holtz, frequent judicial admonishment against the same, and Daniels's failure to heed to said admonishments. The following day, the court entered an order granting the motion to dismiss "for all the reasons set out in it" and on statute-of-limitations grounds, which was not raised in the motion to dismiss. Daniels unsuccessfully moved for reconsideration, and this appeal followed.

Iowa Rule of Civil Procedure 1.421(1) provides the bases for granting a motion to dismiss. We interpret the defendants' motion to request dismissal for "[f]ailure to state a claim upon which any relief may be granted." *See* Iowa R. Civ. P. 1.421(1)(f). The motion alleged that, in 2018 the district court granted a motion to dismiss in yet another lawsuit by Daniels against Holtz and others and enjoined Daniels "from filing any new actions or filings other than a notice of appeal from this ruling, arising out of or related to the facts or subject matter of this case or previous litigation between the parties to this action." According to the motion, the supreme court dismissed Daniels's ensuing appeal.[1] The implication seems to be that the injunction thus serves as the law of the case for further litigation between the parties.

But the problem with granting a motion to dismiss for failure to state a claim upon which any relief may granted on that basis is that, in ruling on a motion to

---

[1] The motion also claims a similar admonishment and an attorney disciplinary board proceeding resulting in a public reprimand of Daniels for asserting a frivolous claim against Holtz in the last several years, as well as a supreme court order directing Daniels to submit no additional filings in an appellate case following his petition for rehearing following the issuance of procedendo.

dismiss, courts do not consider factual allegations contained in the motion, *McGill v. Fish*, 790 N.W.2d 113, 116 (Iowa 2010), and "facts not alleged cannot be relied on to aid a motion to dismiss nor may evidence be taken to support it." *Rieff v. Evans*, 630 N.W.2d 278, 284 (Iowa 2001) (quoting *Ritz v. Wapello Cnty. Bd. of Supervisors*, 595 N.W.2d 786, 789 (Iowa 1999)). To the extent the district court may have taken judicial notice—without expressly saying so—of prior different proceedings as alleged in the motion to dismiss, that was improper without an agreement of the parties. *Troester v. Sisters of Mercy Health Corp.*, 328 N.W.2d 308, 311 (Iowa 1982).[2]

The defendants also argued Daniels's petition should be dismissed because various courts "have repeatedly denied [him] the relief requested in his" petition. To the extent the defendants are again arguing for application of res-judicata principles, we are not persuaded dismissal would be appropriate on that basis either. A large part of the underlying support for that argument is also gleaned from factual allegations outside the petition. While Daniels's petition details the history of the litigation, all we know is that, following the setting aside of the sheriff's sale, Daniels sought a constructive trust, damages, and enjoining Holtz from engaging in certain activities, apparently in relation to Holtz's fraud in prevailing at the sheriff's sale. Here, Daniels appears to be seeking return of real property and quieting of title following Holtz's alleged failure to turn over the

---

[2] We recognize the allegations in the petition involve the same parties in prior proceedings concerning many of the same allegations, but the petition was filed in a new legal action, not in any of the prior cases.

property following the setting aside of the sheriff's sale, which, for all we know could have occurred after the litigation involving the first two appeals.

Lastly, the court alternatively granted dismissal on statute-of-limitations-grounds. But the statute or statutes of limitations were not specifically asserted in the motion to dismiss. Raising it sua sponte was error. *See, e.g.*, *In re Estate of Terpstra*, No. 17-0893, 2018 WL 2246838, at *2 (Iowa Ct. App. May 16, 2018); *Page v. State*, No. 14-1842, 2016 WL 719243, at *2 (Iowa Ct. App. Feb. 24, 2016); *Reyna v. State*, No. 13-0126, 2014 WL 1234142, at *2 (Iowa Ct. App. Mar. 26, 2014).

On the record before us, properly limited to the allegations contained in the petition, we find no valid basis for dismissing the case at this earliest stage of the proceedings.[3] We reverse and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[3] For the same reasons set forth above, we deny the appellees' motion to dismiss filed in response to the appeal in this case.