# IN THE COURT OF APPEALS OF IOWA

No. 24-1912
Filed November 13, 2025

**JOHN LARSON,**
        Plaintiff-Appellant,

**vs.**

**CHAD HOLMES,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Jasper County, Michael Jacobsen, Judge.

        An injured state employee appeals, alleging the district court erred in dismissing his petition for failure to plead with particularity and plausibility. **REVERSED AND REMANDED.**

        Matthew M. Sahag (argued) of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for appellant.

        Brenna Bird, Attorney General, Patrick C. Valencia (argued), Deputy Solicitor General, Eric Wessan, Solicitor General, and Ian M. Jongewaard (until withdrawal), Assistant Solicitor General, for appellee.

        Heard at oral argument by Greer, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

John Larson appeals the district court order granting Chad Holmes's motion to dismiss for failure to meet the heightened pleading requirements of Iowa Code section 669.14A(3) (2024). The district court found that Larson's petition failed to plead with particularity the elements required for his gross negligence claim and did not state a plausible violation of the law. But the district court also determined that if Larson had met the heightened pleading standard, his claim would not be precluded by either the Iowa Workers' Compensation statute or the Iowa Tort Claims Act (ITCA). Upon our review, we conclude the dismissal of the petition was in error based on existing precedent. And we find no error in the district court's rejection of the alternative grounds urged by Holmes for affirmance of the dismissal. Accordingly, we reverse and remand for further proceedings.

## I.      Background Facts and Proceedings

Larson was an inmate at the Newton Correctional Facility, and he also worked as an employee for the State of Iowa. Holmes was also a State of Iowa employee, who worked as a Correctional Trades Leader within the facility. The Newton Correctional Facility is a State of Iowa correctional institution.

On the day of the triggering event, the skid loader owned by the State and used at the facility was not working. Holmes borrowed a skid loader from a local business. Holmes instructed Larson to assist him in moving a snowplow blade with the skid loader. Holmes used the forks of the skid loader to lift the snowplow blade off the ground but did not secure the blade to the skid loader. While Holmes lifted the blade, Larson was standing close to the skid loader. The blade slipped off the forks and landed on Larson's foot, causing permanent injuries.

Larson filed a petition in the district court, alleging Holmes was responsible for supervising, managing, training, and delegating work duties to Larson, and that Holmes was directing Larson in his employment on the day of the injury. The petition stated Holmes told Larson to "stand in the immediate vicinity of where Holmes was moving the snowplow using the skid loader." Also, the petition alleged that Holmes knew the danger of moving the blade in this manner without securing it to the skid loader because he knew of the skid loader's manufacturer's warning.

Larson claimed Holmes knew it was dangerous to move the blade with the skid loader because there were seven other employees standing near the skid loader and Holmes knew that if the blade fell, it would cause severe injury to Larson. The petition also alleged Holmes knew the "manner and method" of moving the snowplow blade and Larson standing near the skid loader made the injury "probable as opposed to merely possible." Larson alleged Holmes was grossly negligent as he "consciously failed to avoid the peril of probable injury," and that conduct demonstrated a "willful and wanton disregard of the rights, welfare and safety of Larson."

Holmes moved to dismiss Larson's petition for failure "to meet the heightened pleading standards under Iowa Code section 669.14A(3)," that workers' compensation was the only remedy available to Larson as a public employee under Iowa Code section 85.2, and that coemployee gross negligence claims are not covered "under the State's limited waiver of its sovereign immunity" under the ITCA.

The district court found, as to the first claim, that Larson's petition alleged facts showing ordinary negligence and failed to plead with particularity the

plausibility of coemployee gross negligence. In its explanation, the district court focused on the fact that seven people and Larson were near the equipment as the blade was moved. The court found this indicated that no one had "knowledge of the peril to be apprehended." *See Thompson v. Bohlken*, 312 N.W.2d 501, 505 (Iowa 1981). The court also found Larson failed to specifically allege facts showing that Holmes was aware of the manufacturer's warning, as the skid loader was borrowed. *See id.* The court also found that even if Holmes knew of the manufacturer's warning that Larson alleged informed users that moving items could cause injury, it was warning of a possibility of injury, not a probability. *See id.* Accordingly, the district court determined that Larson failed to meet the heightened pleading standard as mandated by section 669.14A(3). The district court dismissed the petition with prejudice.

In the district court's written ruling, although dismissing the petition based on the pleadings, the court rejected Holmes's other arguments contained in the motion to dismiss. It found that if the petition had met the heightened pleading requirement, the claim would not have been precluded by the ITCA or workers' compensation exclusivity. Larson now appeals the dismissal of his petition.

## II. Discussion

We review challenges to a district court's ruling on a motion to dismiss for correction of errors at law. *Koester v. Eyerly-Ball Cmty. Mental Health Servs.*, 14 N.W.3d 723, 727 (Iowa 2024). "In our review, 'we accept as true the petition's well-pleaded factual allegations, but not its legal conclusions.'" *Id*. at 727–28 (citation omitted).

Larson asserts that his petition alleging gross negligence is not subject to the heightened pleading requirements of section 669.14A(3), which concern qualified immunity. Larson argues his claim is one of common law, as it does not include a deprivation of an immunity, right, or privilege, nor a violation of the law. *See Doe v. W. Dubuque Cmty. Sch. Dist.*, 20 N.W.3d 798, 804 (Iowa 2025). Section 669.14A(3) states:

> A plaintiff who brings a claim under this chapter alleging a violation of the law must state with particularity the circumstances constituting the violation and that the law was clearly established at the time of the alleged violation. Failure to plead a plausible violation or failure to plead that the law was clearly established at the time of the alleged violation shall result in dismissal with prejudice.

Holmes relies on *Nahas v. Polk County* to assert that section 670.4A(3),[1] which employs the same language as section 669.14A(3),[2] requires pleading with particularity and plausibility like Federal Rules of Civil Procedure 8(a)(2) and 9(b). 991 N.W.2d 770, 781 (Iowa 2023). According to sections 670.4A(3) and 669.14A(3), if a plaintiff fails to meet the heightened pleading standard by not showing the source of information regarding an allegation "and the reasons for the belief," then the petition must be dismissed with prejudice. *Id.*

But our supreme court has clarified subsequently to *Nahas* that "the application of the heightened pleading standard to claims not subject to the

---

[1] Iowa Code section 670.4A(3) is contained in the Iowa Municipal Tort Claims Act, while section 669.14A(3) is in the ITCA.

[2] The analysis of the application of section 670.4A also applies to section 669.14A(3) as the provisions "were enacted at the same time," "are identical," and "our holding in *Doe* that substantive qualified immunity applies only to statutory or constitutional claims and not to common law claims applies equally to section 669.14A." *Est. of Kahn v. City of Clermont*, 22 N.W.2d 252, 258 (Iowa 2025).

qualified immunity defense was erroneous." *Doe*, 20 N.W.3d at 805–06. "The substantive defense[s] [of qualified immunity] and heightened pleading are contained in one provision and are inextricably intertwined." *Id.* at 806. The court, consistent with federal law, held "that section 670.4A applies only where the plaintiff has asserted a state constitutional tort claim or statutory claim and not where the plaintiff has asserted only a state common law claim." *Id.* at 806. Also, "[u]nder federal law, qualified immunity is not a defense to common law claims." *Id. Doe* explicitly used negligence hypotheticals as examples of claims which lack a "right, privilege, or immunity secured by law" that "was clearly established at the time of the alleged violation." *Id.* at 807; Iowa Code § 670.4A(1)(a).

So if a claim is one of common law, such as negligence, qualified immunity does not apply, and "neither does the heightened pleading standard." *Kahn*, 22 N.W.3d at 258; *see* Iowa Code § 669.14A. It follows that if heightened pleading requirements do not apply then "a plaintiff's petition survives a motion to dismiss if it simply contains factual allegations that give the defendant 'fair notice' of the claim so the defendant can adequately respond to the petition." *Kahn*, 22 N.W.3d at 258 (citation omitted).

Here, Larson's petition contained requisite factual allegations which provided Holmes with fair notice and an opportunity to respond to the claim of gross negligence. *See id.* The district court applied the law in force when granting the motion to dismiss, but the law has been modified in the interim pending this appeal. We acknowledge that the district court did not have the benefit of this guidance when issuing the ruling. We reverse the district court's dismissal of

Larson's petition for failure to meet the heightened pleading standard of section 669.14A.

We next turn to the alternate grounds relied on by the State to affirm the district court ruling. We detect no error in the district court's rulings regarding Larson's potential statutory remedies. "We review rulings on statutory construction for correction of errors at law." *Goche v. WMG, L.C.*, 970 N.W.2d 860, 863 (Iowa 2022). The court found that Larson was classified as a state employee working within the scope of his employment when he sustained injury, which is not disputed by the parties. When the State is the employer of a state employee, and the employee is injured within the scope of employment, Iowa Code section 85.2 applies. Section 85.2 states the exclusive remedy for an injured state employee in these circumstances is workers' compensation.[3] But the district court found an exception to section 85.2 workers' compensation exclusivity when the claim is one of gross negligence, based on section 85.20(2).[4] *See McGill v. Fish*, 790 N.W.2d 113, 119 (Iowa 2010). And the district court found claims of gross negligence are not excluded by the ITCA under supreme court precedent. *See id.* at 120 (finding an exception for gross negligence claims under Iowa Code section 669.14(5)).[5]

---

[3] Iowa Code section 85.2, included in the workers' compensation statute, makes workers' compensation compulsory for employees who are employed by the State, subject to exceptions outlined in section 85.1. Section 85.1 contains no relevant exceptions here.

[4] Iowa Code section 85.20 requires that an employee's remedy for coemployee-based injuries be limited to workers' compensation unless the injury is caused by a coemployee's gross negligence.

[5] Iowa Code section 669.14 lists exceptions to the State's sovereign immunity, including "[a]ny claim by an employee of the state which is covered by the Iowa workers' compensation law."

The State argues that section 85.2 pertains exclusively to state employees while section 85.20 concerns nonpublic employees, and that section 85.20(2)'s gross negligence carve-out likewise only applies to nonpublic employees, making workers' compensation Larson's only potential remedy. The State also asserts that the supreme court has not weighed the effect of section 85.2's specific language on section 85.20's broader language within the workers' compensation statute and that the more specific section 85.2 applies. *See MidWestOne Bank v. Heartland Co-op*, 941 N.W.2d 876, 883 (Iowa 2020).

But in *McGill*, the court cited section 85.2 in its statutory interpretation of sections 85.20 and 669.14(5). *See* 790 N.W.2d at 120. As for the ITCA, the court determined "[i]t is clear the legislature intended to exclude claims by state workers for workers' compensation against the State from the ITCA." *Id.* (noting section 85.2 excludes "state workers and the state, as an employer, within the workers' compensation scheme"). *Id.* Accordingly, because state workers fall within the workers' compensation statute and section 85.20 eliminates from exclusivity claims of gross negligence, the court in *McGill* determined "[c]oemployee gross negligence claims brought by a state worker are not excluded from the provisions of the ITCA." *Id.* at 119–20. Because gross negligence claims are not subject to the workers' compensation statute, these claims can be pursued under the ITCA. *See id. Smith*, in confirming *McGill*, explained gross negligence claims in relation to the ITCA:

> [T]here is no indication whatsoever our legislature sought to bar coemployee gross negligence claims by state workers when it amended the procedures in the ITCA to require the state to be substituted as a defendant in the lawsuit once it is determined the coemployee acted in the course of employment.

*Smith v. Iowa State Univ. of Sci. & Tech.*, 851 N.W.2d 1, 20 (2014) (quoting *McGill*, 790 N.W.2d at 120) (alteration in original). There was no error in the determination by the district court that Larson's claim would not be precluded by the ITCA.

The district court was also correct in applying *McGill* to find "[t]he workers' compensation laws abolish all other claims against employers and coemployees except negligence claims against coemployees based on . . . gross negligence." 790 N.W.2d at 119; *see* Iowa Code § 85.20(1)–(2). Although the State asserts the district court failed to consider section 85.2's effect on section 85.20, the court's analysis was based on the context of the entire workers' compensation statute. *See Beverage v. Alcoa, Inc.*, 975 N.W.2d 670, 681 (Iowa 2022). "A statutory subsection may not be considered in a vacuum, but must be considered in reference to the statute as a whole . . . ." *Id.* (quoting 2A Sutherland Statutory Construction § 46:5 (7th ed. rev. 2014). "[C]ontext is critical, and context comes from 'the language's relationship to other provisions of the same statute and other provisions of related statutes.'" *Id.* (quoting *Com. Bank v. McGowen*, 956 N.W.2d 128, 133 (Iowa 2021).

Because sections 85.2 and 85.20 are both included within the workers' compensation statute, and section 85.1 provides no exception for state employees, these employees' remedies are exclusive to workers' compensation *unless* the claim is gross negligence, which eliminates exclusivity. *See id.*; *McGill*, 790 N.W.2d at 119. So, as the district court stated, Larson's claim "would not be subject to the exclusivity of workers' compensation . . . [and] would not have been barred by the [ITCA]" as it is based on gross negligence. *See McGill*, 790 N.W.2d

at 119–20; *see also Smith*, 851 N.W.2d at 20.  If we were to determine section 85.20 requires that workers' compensation is the exclusive remedy for state coemployee gross negligence, the decision would be inconsistent with governing precedent.  *See McGill*, 790 N.W.2d at 119–20; *see also Smith*, 851 N.W.2d at 20.

As we are unable to overturn supreme court precedent, we find the district court made no error in its determinations regarding Larson's potential statutory remedies.  *See Willock v. State*, No. 24-0014, 2025 WL 1704327, at *1 (Iowa Ct. App. June 18, 2025).

## III.    Conclusion

We conclude the dismissal of Larson's petition based on the pleadings was in error.  And because we find no error in the district court's rejection of the alternative grounds supporting the dismissal as argued by Holmes, we reverse and remand for further proceedings consistent with this opinion.  In doing so, we make no determination on the merits of the gross negligence claim.

**REVERSED AND REMANDED.**