# IN THE COURT OF APPEALS OF IOWA

No. 20-0448
Filed March 17, 2021

**RICK MRLA a/k/a ROBERT MARION RICHARD MRLA,**
    Plaintiff-Appellant,

**vs.**

**KENNY JOHNSON,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer, Judge.

A co-employee appeals the district court's ruling granting summary judgment and dismissing his gross negligence claim.

**AFFIRMED.**

Michael W. Ellwanger of Rawlings, Ellwanger, Mohrhauser, Nelson, & Roe, L.L.P., Sioux City, for appellant.

Douglas L. Phillips and Zachary D. Clausen of Klass Law Firm, L.L.P., Sioux City, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**GREER, Judge.**

After an injury on the job in 2018, Rick Mrla sought damages from his employer, the Lawton-Bronson School District, and a co-employee, Kenny Johnson. Both Mrla and Johnson drive buses for the school district. One of the claims against Johnson raised a theory of co-employee gross negligence under Iowa Code section 85.20 (2018). After Johnson and the school district filed a partial motion for summary judgment, the district court dismissed the general negligence claims against the school district and Johnson. After completion of discovery, Johnson moved for summary judgment on the remaining gross negligence claim. The district court granted the motion and dismissed the case. Mrla appeals that ruling, asserting the district court erred by finding there were insufficient facts to generate a jury question on gross negligence.

## I. Factual Background and Earlier Proceedings.

On February 5, 2018, both Mrla and Johnson were working within the scope of their employment as Lawton-Bronson School District bus drivers. Both arrived at Lawton-Bronson High School that morning to drop off and pick up students. Mrla parked directly behind Johnson in a line of buses outside the front of the school. The ground was level. After unloading high school students, Mrla parked his bus and climbed onto the front bumper to clear the windshield and wipers of ice, as was his normal practice. At the same time, Johnson had finished loading elementary school students onto his bus and was preparing to depart. Although Johnson was unaware that Mrla was outside of his bus clearing his windshield, he admitted it was common practice for drivers to do so, especially in wintery conditions. Johnson buckled his seat belt, disengaged the bus's air brake, put the

bus in drive, and moved a few feet before stopping when he was distracted by the students. Acting out of frustration, Johnson attempted to put the bus in neutral and left the driver's seat to deal with the students. Unfortunately, he made two crucial mistakes. First, he failed to engage the bus's air brake.[1] Second, he put the bus in reverse instead of neutral. Johnson was walking down the aisle and claims he did not realize the bus was rolling backwards until he felt a collision, at which point he scrambled back to the driver's seat. But it was too late. The bus had rolled backwards and pinned Mrla between the two vehicles as he was still cleaning off the windshield.

## II. Standard of Review.

We review summary judgment rulings for correction of errors at law. *Kunde v. Estate of Bowman*, 920 N.W.2d 803, 807 (Iowa 2018). "Summary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014). We review the record in the light most favorable to the nonmoving party. *Id.*

## III. Analysis.

Because Mrla and Johnson were both employed by and working for the Lawton-Bronson School District at the time of the accident, Iowa Code section 85.20 governs. "[S]ection 85.20 establishes the worker's compensation law as the exclusive remedy for an employee to seek compensation from an employer or

---

[1] When asked why he failed to engage the airbrake, Johnson responded "I can't answer that. I guess frustration with the activities going on in the bus." Johnson also admitted he normally engages the air brake when he puts the bus in neutral to prevent it from rolling.

coemployee for injuries arising out of and in the course of employment." *McGill v. Fish*, 790 N.W.2d 113, 119 (Iowa 2010). "An exception to that rule exists when the injury is 'caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another.'" *Oppedahl v. Various Emps. of Iowa Dep't of Transp.*, No. 19-1851, 2021 WL 211139, at *1 (Iowa Ct. App. Jan. 21, 2021) (quoting Iowa Code § 85.20)). This exception is extremely narrow. *Id.* "To prevail, the plaintiff must prove: '(1) knowledge of the peril to be apprehended; (2) knowledge that injury is a probable, as opposed to possible, result of the danger; and (3) a conscious failure to avoid the peril.'" *Id.* (quoting *Thompson v. Bohlken*, 312 N.W.2d 501, 505 (Iowa 1981)). The plaintiff must prove all three elements of the *Thompson* test to prevail. *Henrich v. Lorenz*, 448 N.W.2d 327, 332 (Iowa 1989).

To be fair, Mrla lists several failures of Johnson that caused his injuries. If this were a claim of ordinary negligence, it would be a different story, because Johnson apparently failed his duty to secure the bus before leaving the driver's seat. But, only a showing of gross negligence will suffice under section 85.20. As such, we analyze the *Thompson* elements to determine if Mrla's case should survive.

As to the first element of the *Thompson* test, knowledge of the peril to be apprehended, we note Johnson had generalized knowledge people could be hurt if the bus rolled backwards unsecured. *See* 312 N.W.2d at 505. Johnson also knew that bus drivers were cleaning their windshields the morning of the accident. But it is undisputed Johnson was not aware Mrla was standing on the bumper of his bus cleaning his windshield when Johnson left the driver's seat. The district

court found Johnson knew he should not have left the driver's seat without first activating the air brake to secure the bus, stating, "[A]ny reasonable person who has operated an automobile is aware that some peril exists in leaving a vehicle unsecured with the ability to roll in an uncontrolled fashion." But, the court was "dubious that [Johnson's] knowledge of peril . . . rises to the level required to sustain a finding of gross negligence under these facts." Ultimately, the district court did not state conclusively whether the first *Thompson* prong was met because it found Mrla failed to prove prongs two and three.

The second prong of *Thompson* requires knowledge that the injury was a probable, rather than possible, result of the danger. 312 N.W.2d at 505. "This second element is usually determinative because it is exceptionally difficult for plaintiffs to prove that a defendant had the requisite knowledge an injury was probable, rather than possible, under the circumstances." *Lancial v. Burrell*, No. 20-0136, 2020 WL 5650616, at *2 (Iowa Ct. App. Sept. 23, 2020). This requires more than knowledge "that accidents will happen." *Hernandez v. Midwest Gas Co.*, 523 N.W.2d 300, 305 (Iowa Ct. App. 1994). The evidence must demonstrate "the defendant[] knew their actions would place their coemployee in imminent danger, so that someone would more likely than not be injured by their conduct." *Id.*

> A plaintiff can show a zone of imminent danger in two ways: first, by proving the 'defendant's actual or constructive awareness of a history of accidents under similar circumstances,' or second, 'where the high probability of harm is manifest even in the absence of a history of accidents or injury.'

*Anderson v. Bushong*, No. 12-0640, 2013 WL 530961, at *5 (Iowa Ct. App. Feb. 13, 2013) (quoting *Alden v. Genie Indus.*, 475 N.W.2d 1, 2–3 (Iowa 1991)).

The district court found several facts dispositive in determining Mrla failed to satisfy the second prong of *Thompson*. First, Johnson did not intend to put the bus in reverse or even realize the bus was moving until the collision occurred. Rather, he believed he put the bus in neutral before leaving the driver's seat. Instead, Johnson accidentally put the bus in reverse out of apparent frustration with the students. Second, the buses were parked on level ground, and because Johnson thought the bus was in neutral he did not think it would move at all, let alone roll backwards and injure Mrla.

Viewing these facts in a light most favorable to Mrla, we agree with the district court that Mrla failed to satisfy the second prong of *Thompson*. There is no evidence that Johnson knew or could have known an accident was likely to occur. Mrla failed to show Johnson had "knowledge" that his actions would place Mrla in imminent danger and make an injury "probable." *See Thompson,* 312 N.W.2d at 505. Having found Mrla failed to satisfy the second prong of *Thompson*, he cannot establish his gross negligence claim and we need not address the third *Thompson* prong. *See Whitacre v. Brown*, No. 11-0088, 2011 WL 4950183, at *4 (Iowa Ct. App. Oct. 19, 2011) ("Because we conclude Whitacre cannot establish the second element of gross negligence as to defendants, we accordingly affirm the judgment of the district court.").

**IV. Conclusion.**

Because Mrla failed to generate a factual dispute that Johnson's lack of care met all three prongs of the *Thompson* test, we affirm the district court's grant of summary judgment and dismissal of the case.

**AFFIRMED.**