# IN THE COURT OF APPEALS OF IOWA

No. 22-1724
Filed August 30, 2023


**THE ESTATE OF ANTHONY J. ZDROIK, Deceased, by TRISHANN W. ZDROIK, Personal Representative,**
        Plaintiff-Appellant,

**vs.**

**BRIAN OSTROWSKI and JOHN OSTROWSKI,**
        Defendants-Appellees.
_____


        Appeal from the Iowa District Court for Appanoose County, Myron L. Gookin, Judge.


        The estate of Anthony J. Zdroik appeals the district court ruling on summary judgment for claims of gross negligence. **AFFIRMED.**


        George F. Davison Jr. of Law Office of George F. Davison Jr., LC, Des Moines, for appellant.

        Daniel B. Shuck of Shuck Law Firm, Sioux City, for appellees.


        Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Trishann Zdroik, on behalf of the estate of Anthony J. Zdroik (Estate), appeals a summary judgment ruling in favor of Brian and John Ostrowski dismissing the Estate's claims. We affirm.

## I. Background Facts & Proceedings.

On October 12, 2017, Anthony Zdroik was an employee of Sheet Piling Services, LLC (SPS). His crew was transferring railroad ties from a bridge to the back of a truck using a grapple and sling, with Zdroik removing the ties from the sling in the bed of the truck. During a transfer, a tie came loose, and Zdroik was struck in the chest. He died from his injuries. The Estate brought suit against the railroad and four individuals associated with SPS[1]; none of the individuals named as defendants worked as part of the crew with Zdroik on October 12. Brian and John Ostrowski were both working in their office in Rosholt, Wisconsin, on the day of the accident.

In 2021, this court dismissed the Estate's claims against the railroad and two of the individual defendants. *Est. of Zdroik v. Iowa S. Ry. Co.*, No. 20-0233, 2021 WL 4593177, at *4, *6 (Iowa Ct. App. Oct. 6, 2021).[2] That decision determined a material question of fact existed if the remaining two defendants—John and Brian Ostrowski—qualified as coemployees for purposes of liability under Iowa Code section 85.20 (2017), so we remanded to the district court for a finding of fact on the issue. *Id.* at *3.

---

[1] The petition titled the counts against each individual as "Gross Negligence – Wrongful Death – Personal Injury."

[2] The Iowa Supreme Court denied further review in January 2022. The United States Supreme Court denied certiorari in June 2022.

On remand, the Ostrowskis filed a supplemental brief with additional evidence in support of their motion for summary judgment, addressing the coemployee issue and the elements of gross negligence. The Estate's brief discussed the Ostrowskis' liability. The Estate also moved to strike portions of the Ostrowskis' statement of undisputed facts, claiming the facts alleged and cited by expert witnesses in their reports were not within the experts' personal knowledge.

The district court found the "citation to the expert reports, which summarize relevant facts, does not run afoul of [Iowa Rule of Civil Procedure] 1.981" and denied the Estate's motion to strike. The court next determined, as the Estate brought suit against the Ostrowskis as individuals rather than as owners or SPS board members, John Ostrowski (president of SPS) and Brian Ostrowski (vice president of SPS) were coemployees of Zdroik as a matter of law.[3] Neither of the Ostrowskis appeals that determination.

The court then considered the three necessary elements of a claim of gross negligence and concluded, based upon the undisputed facts, the Estate's claim must be dismissed. The court granted summary judgment to the Ostrowskis. The Estate appeals the denial of its motion to strike and the grant of summary judgment.[4]

---

[3] Although the Ostrowskis described themselves as partners and owners of SPS and therefore the employers, the court examined the nested LLCs involved and John and Brian's roles in the LLCs and the company. The court concluded the suit was brought against them in their individual roles as employees of SPS, an appropriate claim under section 85.20.

[4] The Ostrowskis assert this is a frivolous appeal and we should affirm without opinion. Given the district court on remand reviewed the facts and law as it applied to these defendants, and the prior appeal only considered the law as it applied to other defendants, this appeal is not frivolous. We issue an opinion as we determine appropriate. See Iowa R. App. P. 6.1203.

**II. Standard of Review.**

We review a district court's summary judgment ruling for correction of errors at law. *Terry v. Dorothy*, 950 N.W.2d 246, 249 (Iowa 2020). "Summary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014). "[W]e view the record in the light most favorable to the nonmoving party." *Id.*

**III. Analysis.**

*Motion to strike.* The Estate asserts the expert reports contained evidence not within the experts' personal knowledge and the Ostrowskis improperly cited those reports in their statement of undisputed facts. The Estate argues that evidence should not have been admitted as fact under rule 1.981(8).

We determine no challenged portion from the Ostrowskis' statement of undisputed facts affects the merits of the district court's opinion. The court was able to review all evidence submitted concerning the motion for summary judgment and weighed it accordingly. Because the challenged citations are not material to our gross negligence analysis, we do not address them.

*Gross negligence.* Generally, Iowa's worker's compensation law is "the exclusive remedy for an employee to seek compensation from an employer or coemployee for injuries arising out of and in the course of employment." *McGill v. Fish*, 790 N.W.2d 113, 119 (Iowa 2010). Iowa Code section 85.20(2) recognizes an exception to the exclusivity of the worker's compensation remedy for claims "caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another." *See id.* at 119–20 (noting

section 85.20 does not create a cause of action, it "merely recognizes a restriction on an existing common law right of action against a coemployee for negligence").

"Allegations of gross negligence . . . carry a high burden of proof." *Johnson v. Interstate Power Co.*, 481 N.W.2d 310, 321 (Iowa 1992).

> [T]here are three elements necessary to establish "gross negligence amounting to such lack of care as to amount to wanton neglect" under section 85.20: (1) knowledge of the peril to be apprehended; (2) knowledge that injury is a probable, as opposed to a possible, result of the danger; and (3) a conscious failure to avoid the peril.

*Thompson v. Bohlken*, 312 N.W.2d 501, 505 (Iowa 1981). A claimant must prove all three elements to succeed in a gross negligence claim against a coemployee. *Walker v. Mlakar*, 489 N.W.2d 401, 403 (Iowa 1992).

When analyzing the gross negligence claim as to SPS's safety manager and the site supervisor, this court found the Estate failed to prove the second element. *Est. of Zdroik*, 2021 WL 4593177, at *4. More specifically, "While [the safety manager] may have had a duty to train Zdroik and his crew members on safety procedures, the Estate failed to establish that he was aware injury was a probable result of his training protocols or a breach of those protocols." *Id.* The site supervisor "had actual knowledge of the procedure to be followed on the date of the accident. But he did not have 'knowledge that injury [was] a probable, as opposed to a possible, result of the danger.'" *Id.* (alteration in original and citation omitted) (noting the company rule requiring crew members to stay out of the working area and the distance suggested between workers and the swing boom).

The district court addressed all three elements of a gross negligence claim at the summary judgment hearing. First, the court found the Ostrowskis "could have general knowledge that noncompliance with safety procedures could lead to

injury, but there is no evidence that the [Ostrowskis] had actual knowledge of the specific harm suffered by Zdroik" and "[t]here is no evidence it was customary for workers to remain in the truck bed after being told to exit it, and therefore potentially be unseen by the crane operator and subject to injury . . . that could support a finding of actual knowledge of the peril." Second, concerning the question of actual or constructive awareness of a history of accidents or a manifest high probability of harm, "[t]here is no evidence of a history of similar accidents" or that the work of changing railroad ties manifested a high probability of harm.[5] Third, "if the [Ostrowskis] had no actual knowledge of the peril, it is impossible [to find] that they consciously failed to avoid the peril."

As with the first appeal, we focus on the second element, "knowledge that injury is a probable, as opposed to a possible, result of the danger." *Thompson*, 312 N.W.2d at 505. "This second element is usually determinative because it is exceptionally difficult for plaintiffs to prove that a defendant had the requisite knowledge an injury was probable, rather than possible, under the circumstances." *Lancial v. Burrell*, No. 20-0136, 2020 WL 5650616, at *2 (Iowa Ct. App. Sept. 23, 2020). "Element two requires more than a showing of the defendant's actual or constructive knowledge of the actuarial foreseeability—even certainty—that accidents will happen." *Alden v. Genie Indus.*, 475 N.W.2d 1, 2 (Iowa 1991) (internal quotation marks and citation omitted). "Unless the defendants [are shown to have known] that their conduct would place their coemployees in imminent danger, so that someone would probably—more likely than not—be injured

---

[5] The unusual danger was from the actions taking place on a bridge over live traffic, not the standard nature of the work.

because of the conduct, then the knowledge does not satisfy the essential elements of a section 85.20 gross negligence action." *Id.* (alteration in original) (citation omitted).

The Estate failed to show the Ostrowskis had specific knowledge their conduct would place Zdroik in imminent danger or an injury was more likely than not to occur. We, like the district court, find no evidence of such knowledge. There is no evidence of prior accidents, nor a high probability—rather than a mere possibility—of injury. Even the Estate's amended petition stated, "Brian Ostrowski under all the facts and circumstances then and there existing *failed to comprehend* that injury was a probable, as opposed to a possible, result of the danger;" and "John Ostrowski under all the facts and circumstances then and there existing *failed to comprehend* that injury was a probable, as opposed to a possible, result of the danger[.]" If the Ostrowskis had no actual knowledge that Zdroik or his team was in imminent danger of actual injury, rather than a mere foreseeability accidents might happen, the second element has not been met.

Because the Estate's evidence fails to support the second element of the *Thompson* test, we find no error of law by the district court. Accordingly, we affirm the grant of summary judgment.

**AFFIRMED.**